ALLEN, Judge.
Appellant, plaintiff below, brings interlocutory appeal from an order striking one paragraph of appellees’ “Affirmative Defenses and Counterclaim,” but denying a motion to strike or dismiss the entire pleading.
The complaint, appended exhibits, answer and counterclaim are lengthy and no useful purpose would be served in including them herein. We note that paragraph II of the “Counterclaim” purports to lay a predicate for parol testimony as to oral agreements antecedent to and not included in a written contract. Under the circumstances of this case such testimony, as distinct from testimony explaining ambiguous provisions of a written contract, may be inadmissible. This case is before us on the pleadings so if it develops, on the taking of testimony, that evidence is attempted to be adduced which violates the parol evidence rule, the trial judge can rule on it more advantageously than through striking parts of the pleadings. The remaining allegations of the defendant-appellees’ pleading are, though not models of clarity, sufficient, stating a defense and counterclaims for prevention of performance and patent infringement.
There was no appearance for the appel-lees in this case at the oral argument, nor was any brief filed for them in support of the judge’s decision.
In several cases recently this court has been faced with vigorous argument and supporting briefs on behalf of the appellant with no appearance for the appellee and no briefs filed in support of the judge’s decision.
We realize that attorneys are sometimes confronted with the fact that their clients do not pay them to proceed with a case even after they have won the same before the trial judge, or other reasons, such as the dissatisfaction of the clients, causing them to withdraw as attorneys.
We cannot help but observe, however, that a trial judge appreciates having attorneys practicing before him have an interest in supporting his decisions when they reach the appellate court. Also, it is needless to say, that from an appellate judge’s position, it puts an additional burden on the court when there is no brief in support of a trial judge’s decision.
Affirmed.
SHANNON, C. J., and KANNER, J., concur.